# Ryan *v.* Woodbury Granite Co., Appellant.

*Negligence—Master and servant—Proper care—Circumstantial evidence—Case for jury.*

1. A party is bound to exercise care proportionate to the risk to which he exposes others.

2. Where the evidence in a case is necessarily circumstantial, but strongly tends to show the negligence of a defendant, it must be left to a jury to decide.

Argued October 17, 1919. Appeal, No. 99, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 530, on verdict for plaintiff in case of Henry C. Ryan v. Woodbury Granite Company. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Trespass for personal injuries. Before Evans, J.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Robert Woods Sutton,* with him *Watson & Freeman,* for appellant.—There was no evidence to sustain the cause of action as alleged in the statement of claim: Ellett v. Lit Bros., Inc., 264 Pa. 185; Erbe v. Phila. R. T. Co., 256 Pa. 567; Huey v. Gahlenbeck, 121 Pa. 238; Zeigler v. Simplex Foundation Co., 228 Pa. 64; Knecht v. Knecht, 261 Pa. 410; Quinter v. Quinter, 261 Pa. 195.

*Ralph P. Tannehill,* for appellee, cited: Ellett v. Lit Bros., Inc., 264 Pa. 185; Laven v. Moore, 211 Pa. 245.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1920:

The ceiling over the Grant street entrance of the city-county building in Pittsburgh, which forms also the floor of the rooms immediately above it, is faced with tiles about twelve inches by twelve inches. An employee of the defendant, which was the granite contractor on the building, broke out one of these tiles and started to break out an adjoining one, the opening being made for the purpose of lowering through it a block and tackle wherewith to move the granite blocks used by the defendant in its work in the hall below. The block and tackle were held in place by a chain extending around a timber laid across the opening, and connected with a rope which ran through the block and by which it was operated in moving the granite blocks. Defendant knew that tiles supported only on three sides are more apt to fall than those supported on all four sides; and hence, in making the opening, and in inspecting the tiles surrounding it at the time it was made and thereafter until it was closed, defendant was bound to exercise care proportionate to the risk to which it thereby exposed those who would be constantly using the floor below. Yet, so far as appears, there never was any real inspection.

Some three or four days after the opening was made, the same employee went there to see what length of rope would be required to remove and lower the block and tackle. Just as he walked away a portion of a tile adjoining the one which had been broken out, fell, striking the scaffolding below, and a portion of it caromed off and hit plaintiff, an employee of another contractor in the building, causing the injury for which suit was brought. Defendant's employee said there was no other opening in the floor at that time, no one else was in the neighborhood when the tile fell, he knew he had caused it to fall, he heard it strike the scaffolding below, and upon discovering it had fallen, "I hollered to my partner [who was on the floor underneath, heard the tile falling and saw a piece of it strike plaintiff], and he said to me 'You knocked the tile out.'"

The case was submitted to the jury to determine whether or not the accident was caused by negligence on the part of defendant's employees, and, plaintiff having recovered a verdict and judgment, defendant now appeals because the court below did not rule that negligence had not been shown and give binding instructions in its favor.

It does not clearly appear whether the falling of the tile was the result of an injury to it in making the opening, or of the striking and grinding of the rope and chain against it, or of the jarring of the partially supported tile while the work was being done. Perhaps it was not possible to show the fact, for the hole was four or five stories from the floor below, and was covered at the top by the timber around which the chain was fastened. Starting, however, with the facts testified to at the trial, that the tile appeared in perfect condition before defendant broke into the floor, the cutting out of one tile would weaken the bond which held the adjoining tiles in place, and only defendant's employees had anything to do with the opening, the tile, or the block and tackle, and the further fact that the evidence failed to disclose

any other reasonable explanation for its falling, we have a case plainly for a jury to decide, not as a matter of guess-work, but from the reasonable probabilities arising out of the facts above detailed: Booth v. Dorsey, 208 Pa. 278.

The judgment of the court below is affirmed.