# Wiles *v.* Emerson-Brantingham Co., Appellant.

*Negligence—Master and servant—Foreman—Master's liability for acts of foreman—Act of June 10, 1907, P. L. 523—Province of court and jury—Refusal of motion n. o. v.—Appeals.*

1. In considering an appeal from the refusal of a motion for judgment non obstante veredicto all facts and inferences from facts must be drawn in favor of the party having the verdict.

2. Under the Act of June 10, 1907, P. L. 523,. an employer is liable for the acts of his foreman in charge of a branch of the employer's business, although the foreman had no power to hire or discharge men.

3. Where the cause alleged and proved is a reasonable and probable cause, it is for the jury to say whether or not it was the actual cause of an accident.

Argued March 9, 1920. Appeal, No. 118, Jan. T., 1920, by defendant, from judgment of C. P. Franklin Co., Oct. T., 1916, No. 250, on verdict for plaintiff, in case of Cyrus B. Wiles v. Emerson-Brantingham Co. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GILLAN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,226. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v.

*Walter K. Sharpe* and *O. C. Bowers,* with them *W. T. Omwake* and *Watson R. Davison,* for appellant.

*J. W. Wetzel,* with him *Walter & Gillan,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1920:

Plaintiff, an employee of defendant, brought suit alleging he was negligently injured while working under the orders of one M. Y. McNeil, a foreman then in charge of the branch of defendant's foundry where the accident happened. From a verdict and judgment in favor of plaintiff, defendant appeals alleging it was entitled to binding instructions or to judgment non obstante veredicto. Under these circumstances all the evidence and inferences therefrom favorable to plaintiff must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected.

In this light the facts are as follows: Plaintiff, who was a moulder in defendant's employ, was requested by McNeil, who had authority so to do, to assist in the repair of a large and heavy wheel. In order to do the work it was necessary to construct a mould of sand around the defective hub, built up in such a way that, when the molten metal was poured into the mould, the metal would become welded to the hub and thus complete its repair. Theretofore plaintiff had not done any of this kind of work, but McNeil had, and he knew that before the pouring took place it was necessary to have the wheel heated, because the contact of molten metal with a cold wheel was apt to cause an explosion and injure those engaged in the work. For this reason he had had the wheel heated some three hours before the accident, but owing to the delay it had become cold, as a touch would have demonstrated at once, and almost immediately after the pouring began an explosion occurred and plaintiff was injured.

Defendant admits McNeil was its foreman, but alleges he had no power to hire or discharge men, and hence was

not such a foreman as contemplated by the Act of June 10, 1907, P. L. 523. The language of the act, however, is general, and for us to limit it in the way stated would not only be judicial legislation, but would defeat its purpose whenever an employer retained to himself the right of hiring and discharging men, or vested it in some one not connected with the practical operation of his plant. We cannot assume such a legislative intent.

It is also claimed that other causes might have resulted in the explosion. If we assume this to be true, though there was no evidence showing their existence here, still the court below could not properly have given binding instructions, for the cause alleged being a probable one, operating, as was to be anticipated if it arose at all, almost immediately after the metal was poured, it was for the jury to say whether it was the actual cause of the explosion: Booth v. Dorsey & Smith, 208 Pa. 276; Ryan v. Woodbury Granite Co., 266 Pa. 105.

The judgment of the court below is affirmed.