# Biesecker *v.* Pennsylvania Railroad Co., Appellant.

*Practice, C. P.—Judgment n. o. v.—When not to be entered.*

1. Judgment non obstante veredicto cannot properly be entered, where any reasonable explanation of the testimony will result in sustaining the verdict.

*Negligence—Railroads—Collision between trains—Presumption.*

2. A presumption of negligence arises where a collision takes place between two trains of a defendant, one of which is standing still, unless it is shown that the collision resulted from some supervening cause.

*Negligence—Evidence—Jury not to be permitted to guess.*

3. The rule that a jury should not be permitted to guess that negligence exists, does not mean that there must be evidence excluding everything which the ingenuity of counsel may suggest as causing or contributing to an accident.

Argued October 13, 1922. Appeal, No. 212, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny Co., April T., 1921, No. 2611, on verdict for plaintiff, in case of Lillie W. Biesecker, Administratrix of Estate of

Norman E. Biesecker, deceased, v. Pennsylvania Railroad Co.    Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass for death of plaintiff's husband under Federal Employer's Liability Act.    Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,100.    Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—This is a case under the Federal Employers' Liability Act, but that act does not relieve plaintiff from proving negligence: Patton v. Ry., 179 U. S. 658; Seaboard A. L. v. Horton, 233 U. S. 492.

A jury may not be allowed to guess as to how an accident happened: P. & R. R. R. v. Schertle, 97 Pa. 450; McClain v. Henderson, 187 Pa. 283; Sandt v. Foundry Co., 214 Pa. 215.

*J. Thomas Hoffman,* for appellee, cited: Norfolk & Western R. R. v. Earnest, 229 U. S. 114; Chicago, R. I. & P. v. Wright, 239 U. S. 548; Carmont v. R. R., 271 Pa. 122; Crumley v. R. R., 272 Pa. 226; C., B. & Q. v. U. S., 220 U. S. 574; Lindway v. R. R., 268 Pa. 491; Reed v. Director Gen., 267 Pa. 86.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

Norman E. Biesecker, while employed by defendant in interstate commerce, received injuries from which he died.    His administratrix brought suit under the Federal Employers' Liability Act, and recovered a verdict and judgment, from the latter of which defendant appeals, assigning as the only error the refusal of the court be-

low to enter judgment for defendant non obstante veredicto.

It is not claimed the injury or death was in any degree caused by decedent's contributory negligence, or was the result of a risk of the employment for which defendant was not liable; but solely that the evidence failed to satisfactorily disclose the particular negligence which caused the injury. Perhaps we might resolve this contention against appellant, by simply quoting and applying the admission in its paper-book, that the court in sustaining the verdict "has explained what might have been an interpretation of the testimony—[making defendant liable for] this accident." If that conclusion is correct, the appeal necessarily fails, for so also the jury might have interpreted it, and this being so we cannot reverse the judgment. We shall, however, decide the appeal entirely aside from that admission.

In doing so, since the conclusion reached depends upon testimony alone, we must give full effect to all the facts and inferences therefrom which the jury might have found in favor of plaintiff, and reject all those which it might have refused to believe: Wiles v. Emerson-Brantingham Co., 267 Pa. 47. In this light we thus summarize the facts sustaining the verdict: Decedent was an engineer for defendant, engaged in assembling a train of cars for transportation in interstate commerce. While doing this, his engine and the cars attached to it were directed to remain at a given place on a switch track, until further orders were received. Between seven and eight o'clock in the morning, after they had been standing at that point about ten minutes, certain other cars were pushed by another engine along an adjoining track, which gradually approached and ultimately connected with the switch track, a fact well known to the engineer of the latter engine, who nevertheless ran into and "sideswiped" decedent's engine, causing the injury from which he died. From these facts, the jury was justified in concluding that those in charge of the other train, if

they had exercised reasonable care, could have seen the engine in which defendant was sitting, and should have known, before they ran into it, that, by reason of the closeness of the two tracks, it was impossible for the second train to pass the first.

Had decedent's engine been moved, or had the collision happened at night instead of daytime, it would not be hard to understand how it could have been the result of a pure accident; under the facts as they were, however, it is difficult, if not impossible, to see how the "side-swiping" could have occurred without negligence in either operation or construction; and hence, no supervening cause being either alleged or proved, this question was clearly one for the determination of a jury. True, it would have been error to permit that tribunal to guess that negligence existed; but this does not mean, as appellant seems to think, that the testimony must exclude everything which the ingenuity of counsel may suggest as possibly having caused or contributed to the accident. Such doubts, if any there be, must fairly arise out of the evidence produced, and those intimated do not so originate.

The judgment of the court below is affirmed.