## Kapuscianski et al. *v.* Philadelphia & Reading C. & I. Co., Appellant.

*Negligence—Care of person invited on premises—Private road —Colliery.*

1. Where a person is in lawful use as an invitee of a private road to a colliery, the owner of the premises owes to him the duty of ordinary or reasonable care, under the circumstances, to keep the road safe from the negligent acts of his servants in the discharge of the owner's affairs, so that such user would not be unnecessarily exposed to danger.

2. Such invitee assumed all normal or ordinary risks, but not the unusual or negligent ones while on the highway.

3. If it is shown that the instrument causing the injury was in possession of defendant, plaintiff may establish, by the elimination of all other causes, that it could not have left defendant's possession except through some act of its servants. Other possible causes to be eliminated, do not mean every possible cause which the ingenuity of counsel may suggest, but only those which fairly arise from the evidence.

4. The fact that no one actually saw the missile leave an employee's hands, and that no one can testify it did actually do so, does not protect the owner, whose negligence can be shown from the circumstances to have been the efficient cause of the injury.

5. The test of the sufficiency of the evidence is whether the circumstances detailed are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant.

Argued March 15, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeals, Nos. 144 and 145, Jan. T., 1927, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1926, No. 39, on verdict for defendant, in case of Catherine Kapuscianski, in her own right, and as mother and next friend of Stanley Kapuscianski v. Philadelphia & Reading Coal & Iron Co.  Affirmed.

Trespass for personal injuries.  Before STROUSS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Catherine Kapuscianski for $5,156, and for Stanley Kapuscianski for $12,500.  Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Voris Auten,* for appellant, cited: Laven v. Moore, 211 Pa. 245; Fleccia v. Atkins, 270 Pa. 573.

*H. W. Cummings,* of *Cummings & Gubin,* with him *Joseph S. Hollister,* for appellees, cited: Laven v. Moore, 211 Pa. 245; Fleccia v. Atkins, 270 Pa. 573; King v.

Darlington B. & M. Co., 284 Pa. 277; Tucker v. Ry., 227 Pa. 66; Dougherty v. Transit Co., 257 Pa. 118; Murray v. Frick, 277 Pa. 191; Bowles v. Electric Co., 89 Pa. Superior Ct. 160.

OPINION BY MR. JUSTICE KEPHART, April 11, 1927:

Appellant operated a colliery at Mt. Carmel. The coal mined and prepared was placed in a building containing pockets from which it was loaded into trucks and wagons by means of chutes. The building was located about seventy-five (75) feet from the colliery. Appellant also provided, for the use of coal haulers, a road leading from the public highway over its property to the chutes. Appellee's son, a customer who purchased coal from defendant, took his truck, in December, 1924, to the colliery for a load of coal. As there was a heavy demand for coal that day, the trucks to be loaded were obliged to stay in line, a number being ahead of the one driven by appellee's son. He waited some ten minutes, until his turn arrived; when he attempted to proceed, the starter of his car refused to work, and he stepped out on the side of the car nearest the breaker toward the front to crank it. He had taken about two steps when he was struck on the head by a coupling hook that had been used about appellant's colliery, and fell to the ground unconscious.

For a long time defendant's custom had been to have the slate pickers and other employees clean the floor of the colliery and throw the scrap out of the window on the east side of the breaker, to a scrap-heap located immediately below the window and between the breaker and the road provided for the use of patrons. Boys were, at the time of the accident, cleaning the colliery floor in this manner. The window on the east side of the building was from 15 to 20 feet above the ground. Contending that defendant was negligent in disposing of its scrap, appellee instituted this action and recovered a judgment in the court below.

Appellant argues there was not sufficient evidence to establish any negligence on the part of defendant, that it did not affirmatively appear that an employee of defendant threw the missile, or, by the exclusion of all other causes, that any of defendant's employees were in a position to have caused the accident; in fact, that there was no positive testimony to show how the iron came to fall, whence it came, or that it did not come from some other part of the breaker: Laven v. Moore, 211 Pa. 245; Fleccia v. Atkins, 270 Pa. 573.

Appellant was engaged in the business of selling coal, and, to enlarge that business, it placed appliances on the land to encourage the sale of its commodity; the relation between a purchaser of coal and one who so uses his property is that of common interest and mutual advantage; the use of defendant's land, in the way described, was offered as an inducement. The boy was, therefore, an invitee on the premises and where one is in lawful use of a private road as an invitee, the owner of the premises owes to him the duty of ordinary or reasonable care, under the circumstances, to keep the road safe from the negligent acts of his servants in the discharge of the owner's affairs, so that such user would not be unnecessarily exposed to danger: Fortunato v. Shenango Limestone Co., 278 Pa. 499, 503; John v. Reick-McJunkin Dairy Co., 281 Pa. 543, 546; Fredericks v. Atlantic Refining Co., 282 Pa. 8, 14. If it appears that injury results from neglect to keep the way safe, the owner will be liable in damages for the loss: Markman v. Bell Stores Co., 285 Pa. 378, 382. Such invitee, of course, assumed all normal or ordinary risks, but not the unusual or negligent ones while on the highway, especially that of being knocked down through the carelessness of defendant's servants engaged in the discharge of their ordinary duties.

Appellant asserts there was not sufficient evidence of the act or causal connection to go to the jury. Proof of the act may be established by evidence from which, by

392 KAPUSCIANSKI et al. *v*. PHILA. & R. C. & I. CO., Aplnt.

Opinion of the Court.                    [289 Pa.

reasonable inference, the conclusion is reached that defendant was negligent; or where evidence places the instrumentality which caused the accident in the possession of the defendant, showing, by the elimination of all other causes, that the missile could not have left defendant's possession except through some act of its servant. The possible causes to be eliminated, as stated in Gallivan v. Wark Co., 288 Pa. 443, do not mean every possible cause which the ingenuity of counsel may suggest as having caused or contributed to the accident, but only those which fairly arise from the evidence.

Here, no one actually saw the missile leave an employee's hands, and no one can testify it did actually do so, but this is not strange. Such incidents frequently occur unwitnessed, but this fact does not protect one whose negligence can be shown from the circumstances to have been the efficient cause of the injury. When these circumstances appear, liability attaches: King v. Darlington Brick & Mining Co., 284 Pa. 277, 283; Tucker v. Pittsburgh, etc., Ry. Co., 227 Pa. 66, 69. The test of the sufficiency of the evidence is whether the circumstances detailed are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the defendant: Ferry v. P. R. T., 232 Pa. 403, 406.

There is no question but that appellee's son was in the roadway some distance from the scrap-heap when he was struck. The piece of iron which struck him was seen in the breaker before the accident happened, and it was seen just a moment before in the hands of one of defendant's servants. An employee, who at the moment looked out of one of the east windows, saw it passing through the air, falling and striking defendant on the head. It came from the second floor. The identical piece of iron having been traced to the hands of defendant's employee in the breaker, who was performing a duty required of him by the company, clearing the breaker of rubbish, it was shown to be defendant's prop-

erty. Though the act of throwing was not seen, it could be inferred, from the circumstances related, that an employee carelessly threw the iron too far. There were no other buildings or places from which it could descend, or to which it might have been transferred. It did not appear that any stranger was in the breaker who could have thrown it. Only employees of defendant were there. The time between its different situations and the actual passing in the air was so short, the inference was for the jury whether or not defendant's servant threw it.

Judgment affirmed.