## Swartz, Appellant, *v.* Conradis.

344

Argued October 3, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John J. Kennedy,* with him *Joseph Bonidy,* for appellant, cited: Gallivan v. Wark Co., 288 Pa. 443; Byrne v. Hitner's Sons Co., 290 Pa. 225; McGrath v. Sugar Co., 282 Pa. 265.

*J. Roy Dickie,* of *Dickie, Kier & McCamey,* for appellee, cited: Gallivan v. Wark Co., 288 Pa. 443; Byrne v. Hitner's Sons Co., 290 Pa. 225.

OPINION BY MR. JUSTICE KEPHART, November 25, 1929:

The sole question in this case is whether the employee of a subcontractor can maintain a common law action of trespass against the general contractor without showing, as part of his case, that the general contractor had rejected the Compensation Act. The court below answered in the negative, and plaintiff appealed.

The general contractor was erecting a school building. He sublet the plastering contract, and plaintiff was employed by the subcontractor. He was severely injured, while engaged at his work, by the falling of a ceiling, and received compensation therefor from the subcontractor. He then sued the principal contractor for failing to provide a safe place in which to work.

These facts bring all parties under the Compensation Act, particularly section 302(b) of article III. Section 203 of article II makes the principal contractor liable to a subcontractor's employee as though he had employed him, and section 302(b) provides that the general contractor "shall be conclusively presumed to have agreed to pay to such laborer......compensation in accordance with the provisions of article III, unless the employer [principal or general contractor] shall post in a conspicuous place, upon the premises......, a notice of his intention not to pay such compensation." In the same section the employee agrees to be bound by the act unless he takes steps to reject it.

When the relationship of contractor, subcontractor and employee springs into existence, the Compensation Act takes hold; the common law relation of the parties theretofore existing is changed into a statutory relation. Of course the parties may disavow this relation and relapse into their former common law status, but in doing so they lose several important defenses that form-

erly were a part of the common law relation. In order to avoid the continuing consequences of the act, there must be an affirmative step in a specified manner, to evidence the fact that the statutory relation no longer exists. Notices must be posted by the contractor. Until this fact is made to appear in the manner and to the end required by the act, the general contractor is bound to pay compensation; and, being so bound, appellant's remedy was through that act to recover the compensation there provided.

To maintain then this common law action, appellant must show some legal relation between him and defendant that has been injured under circumstances which sustain an action of trespass for the wrong. By showing the relation of employer and employee, automatically the Statute Act applies as embracing the remedy. The act covers generally all engagements of employer and employee. It does not apply, nor can it be continued, if it is rejected or discarded. The presumption that the Compensation Act controls, which flows from the status of employer and employee, may be overthrown by submitting evidence that the statutory method to dissolve the statutory relation has in fact been followed; compensation from the general contractor is then no longer obtainable under that act. A suitor who fails to show this in his proof, subjects himself to the Workmen's Compensation Act; plaintiff is in that position and cannot recover in a common law action.

When the statutory employer accepts article III he is relieved of all liability for compensation at common law. Section 303 makes the "agreement [referred to in section 302] operate as a surrender by the parties thereto of their rights to any form or amount of compensation ......or to any method of determination thereof, other than as provided in article III of this act."

The contractor, when he has accepted article III, may agree with the subcontractor that the latter carry insurance under section 302(b) of article III. This was

done in the present case, and the subcontractor carried compensation insurance according to that agreement; and under it he paid plaintiff the compensation provided by the Compensation Act. Section 303 then became applicable and the general contractor is relieved: Gallivan v. Wark Co., 288 Pa. 443; Byrne v. Hitner's Sons Co., 290 Pa. 225. Appellant argues that defendant, by agreeing with the subcontractor that the latter carry compensation insurance, took himself out of the act and so paved the way for a common law liability. We thought this had been made clear in the Gallivan and Byrne cases. It is there pointed out that the statutory employer's responsibility for compensation may be avoided by an agreement with the subcontractor, but such agreement is possible only if the act is accepted. It cannot mean the statutory employer rejects the act altogether by such agreement, as both employers are then liable thereunder; the ultimate payor being the one as suggested in the Byrne Case. Although the burden is prima facie shifted to the subcontractor, the statutory employer must respond if for any reason the subcontractor or his insurer is irresponsible.

Where an employee seeks to recover from a contractor in a common law action, he must show, as part of his case in chief, that the contractor has rejected the provisions of the Workmen's Compensation Act in the manner there provided, otherwise he will be relegated to the Compensation Act for redress.

The judgment of the court below is affirmed.