Giordano, Appellant, *v.* Clement Martin, Inc., et al.

Argued March 25, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

62

*Joseph R. Doherty,* with him *Joseph S. D. Christof* and *Artemas C. Leslie,* of *McCloskey, Best & Leslie,* for appellant.

*E. W. Langfitt,* for appellee No. 10.

*D. H. McConnell,* for appellee No. 11.

OPINION BY MR. JUSTICE HORACE STERN, April 19, 1943 :

William S. Miller Company was the general contractor erecting a school building; Clement Martin, Inc. was a subcontractor for the work of bricklaying; Guy Giordano, plaintiff, was a cement finisher employed by Pittsburgh Ply-Rite Company, a subcontractor for the waterproofing. One morning while plaintiff was standing on a scaffold applying waterproofing to a wall, the scaffold being about five feet above the floor of what was to be the basement of the school, he was injured by the fall of a stone, 20 x 40 x 8 inches and weighing from 200 to 300 pounds, which became dislodged from the corner of what at that stage of the construction was the top course of the outer wall of the building some 25 to 30 feet above the scaffold on which plaintiff was working.

The stone that fell had been laid the day before by William S. Miller Company. It was the duty of Clement Martin, Inc. to back the stone veneer with brickwork. Plaintiff's helper, William Conrad, who was working a few feet from him, looked up immediately upon hearing the crash and saw a colored man in a crouched position, about eight feet from the place from which the stone had fallen and holding in his hands, as though in the act of lifting it, a 16-foot plank, 12 inches wide and 1½ or 2 inches thick, "the end of the plank" being "right where

the stone was missing." The man whom he thus observed was in the employ of Clement Martin, Inc. and acting at the time in the course of his employment.[1] Conrad testified that there was not "any other person about there besides this negro."

Plaintiff brought an action to recover damages against William S. Miller Company and Clement Martin, Inc. The court granted a nonsuit as to both defendants.

We cannot agree with the view taken by the court that there was not sufficient evidence from which a jury could find that the negro did anything that caused the accident and therefore any verdict by the jury to that effect would necessarily be based upon mere conjecture. It is true that the doctrine of res ipsa loquitur does not apply, nor, indeed, is it invoked by plaintiff's counsel. The case is not one of presuming negligence from the happening of the accident, but of inferring negligence from the circumstances from which it apparently arose (*Pope v. Reading Co.*, 304 Pa. 326, 331, 156 A. 106, 108). Plaintiff relies upon the *positive evidence* produced by him to establish the cause of the accident. Conrad testified that when he looked up, at the moment of the occurrence, the end of the plank held by the colored man was *right in the open space where the stone had been before it fell,* and, while no one actually saw the plank touch the stone, the conclusion is not only

---

[1] This was admitted expressly and also by the failure of Clement Martin, Inc. to file an affidavit of defense. Such failure, however, was not an admission, as plaintiff contends, that the falling of the stone was caused by the employe's negligent act: *Fleccia v. Atkins*, 270 Pa. 573, 113 A. 842. As to the allegation in the statement of claim that Clement Martin, Inc. was in "exclusive possession and control" of the stone, plaintiff's own evidence negatived that assertion, since the stone had been placed in the wall by William S. Martin Company, and the employes of Clement Martin, Inc. were merely working around it; therefore plaintiff was not harmed by the court's refusal to admit it in evidence.

possible, if that testimony is true, but almost irresistible, that the fall of the stone was caused by the plank coming in contact with it. All other human agencies were excluded as causative factors because, according to Conrad, *there was no other person around there besides the negro*. The possibility that the stone may have fallen of itself was reasonably dispelled, as a jury might find, by testimony that there was no vibration of the building and that the stone had been set in 1/16 to ¼ of an inch of mortar which had been hardening since the previous day. The law does not limit a litigant to direct proof, but permits facts to be established by circumstantial evidence (*Boak v. Kuder,* 336 Pa. 260, 264, 265, 9 A. 2d 415, 417), nor does it require the elimination of every possible cause of the accident other than that on which the plaintiff relies, but only such other causes, if any, as fairly arise from the evidence: *Biesecker v. Pennsylvania R. R. Co.,* 276 Pa. 87, 90, 119 A. 821, 822; *Kapuscianski v. Philadelphia & Reading Coal & Iron Co.,* 289 Pa. 388, 392, 137 A. 619, 620; *Gable v. Golder,* 116 Pa. Superior Ct. 415, 419, 176 A. 847, 848. Proofs to a degree of absolute certainty are rarely attainable; it is sufficient that they be such as to satisfy reasonable minds.

While no two accident cases are exactly alike, verdicts for plaintiffs were sustained in circumstances not essentially dissimilar to those here present in *Booth v. Dorsey,* 208 Pa. 276, 57 A. 562; *Ryan v. Woodbury Granite Co.,* 266 Pa. 105, 110 A. 279; *Kapuscianski v. Philadelphia & Reading Coal & Iron Co.,* 289 Pa. 388, 137 A. 619; *Gable v. Golder,* 116 Pa. Superior Ct. 415, 176 A. 847. In each of those cases the plaintiff was struck by a falling object and in none of them was there any witness who actually saw the object start on its course or the application to it of the force which propelled it; nevertheless recovery was allowed.[2]

---

[2] *Laven v. Moore,* 211 Pa. 245, 60 A. 725, and *Fleccia v. Atkins,* 270 Pa. 573, 113 A. 842, in each of which the plaintiff was injured by a

No evidence of negligence was presented against the general contractor, William S. Miller Company, and plaintiff admits that even if such negligence were established he could not recover from that defendant (*Swartz v. Conradis,* 298 Pa. 343, 148 A. 529). But Clement Martin, Inc. urges that its co-defendant should be retained on the record so that, if it should itself be held liable, it might be able to show that William S. Miller Company also was negligent and thereby entitle itself to contribution to the extent of the workmen's compensation for which William S. Miller Company would be liable to plaintiff under sections 203 and 302 (b) of the Workmen's Compensation Act of June 2, 1915, P. L. 736 (*Maio v. Fahs,* 339 Pa. 180, 14 A. 2d 105). It appears, however, that plaintiff was paid compensation, not by William S. Miller Company, but by the insurance carrier of his immediate employer, Pittsburgh Ply-Rite Company, presumably because of an agreement between that company and William S. Miller Company as provided in section 302 (b) of the act, and under such circumstances the general contractor was relieved from the payment of the compensation for which it would otherwise have been liable: *Byrne v. Henry A. Hitner's Sons Co.,* 290 Pa. 225, 138 A. 826; *Swartz v. Conradis,* 298 Pa. 343, 346, 347, 148 A. 529, 530, 531; *Salkind v. Pennsylvania Threshermen & Farmers' Casualty Insurance Co.,* 335 Pa. 326, 330, 331, 6 A. 2d 301, 303. No right of contribution, therefore, could arise in this case.

The order of the court overruling plaintiff's motion to remove the compulsory nonsuits is affirmed as to defendant William S. Miller Company and reversed as to defendant Clement Martin, Inc., with a procedendo.

---

falling brick, are distinguishable in that there was no evidence in those cases that the employes of the defendant were engaged at the moment of the accident in actually handling bricks above the spot where the plaintiff was standing.