## Perry v. M. Shapiro & Son Construction Co., Inc.

*James F. Masterson*, for plaintiff.
*Shields, Clark, Brown & McCown*, for defendant.

MacNeille, P. J., February 2, 1946.—We are considering defendant's affidavit of defense raising questions of law.

An examination of the statement of claim filed shows that plaintiff sets forth that on February 5, 1942, he was employed as a painter by F. H. English & Company, but that defendant in this suit, M. Shapiro & Son Construction Company, Inc., was the general contractor engaged in construction of a building project known as "Pennypack Housing Project"; that about 2.30 p.m. on the day set forth plaintiff, while working as a painter in the employ of F. H. English & Company, received his injury.

Plaintiff avers that F. H. English & Company had been engaged by defendant as subcontractor for the painting work on the project. He then sets forth the negligence of defendant, the injuries resulting therefrom, and his claim for damages in the sum of $75,000.

It is clear that defendant on the date set forth was the general contractor engaged in the erection and construction of the Pennypack Housing Project in Philadelphia, and that plaintiff was injured while working on that project as a painter in the employ of F. H. English & Company, which had been engaged by the defendant and which was operating as a subcontractor for the painting work on said project.

Plaintiff at the time of his injury, while working as a laborer, was in the hire of a subcontractor which in turn was performing work upon premises occupied by or under the control of the general contractor, which work was a part of the general contractor's regular business and entrusted to the subcontractor within the meaning of section 302 (b) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §462, which reads as follows:

"After December thirty-first, one thousand nine hundred and fifteen, an employer who permits the entry, upon premises occupied by him or under his control, of a laborer or an assistant hired by an employe or con-

tractor, for the performance upon such premises of a part of the employer's regular business entrusted to that employe or contractor, shall be conclusively presumed to have agreed to pay to such laborer or assistant compensation in accordance with the provisions of article three, unless the employer shall post in a conspicuous place, upon the premises where the laborer's or assistant's work is done, a notice of his intention not to pay such compensation, and unless there be filed with the Department, within ten days thereafter and before any accident has occurred, a true copy of such notice, together with proof of the posting of the same, setting forth upon oath or affirmation the time, place, and manner of such posting; and after December thirty-first, one thousand nine hundred and fifteen, any such laborer or assistant who shall enter upon premises occupied by or under control of such employer, for the purpose of doing such work, shall be conclusively presumed to have agreed to accept the compensation provided in article three, in lieu of his right of action under article two, unless he shall have given notice in writing to the employer, at the time of entering upon such employer's premises for the purpose of doing his work, of his intention not to accept such compensation, and unless within ten days thereafter and before any accident has occurred there shall have been filed with the Department a true copy of such notice, accompanied by proof of service thereof upon such employer, setting forth under oath or affirmation the time, place, and manner of such service. And in such cases, where article three binds such employer and such laborer or assistant, it shall not be in effect between the intermediate employer or contractor and such laborer or assistant, unless otherwise expressly agreed."

The statement is silent on the subject of any notice being posted by the employer defendant of intention not to pay compensation as required by the act, or that

plaintiff gave statutory notice not to accept such compensation.

We think this situation is completely covered in the opinion of Mr. Justice Kephart in the case of Swartz v. Conradis, 298 Pa. 343; also see Giordano v. Clement Martin, Inc., et al., 347 Pa. 61.

Wherefore, we hold that the action at law cannot be maintained.

### Order

And now, February 2, 1946, it is adjudged that the plaintiff has not made out a good cause of action, and leave is granted to file amended statement of claim within 15 days, or, upon failure to do so, judgment shall be entered for defendant without prejudice to any right which plaintiff may have to proceed in accordance with The Workmen's Compensation Act.