Carolyn D. MOORE, Administratrix of the Estate of Phillip P. Morello, Deceased

v.

PHILADELPHIA ELECTRIC COMPANY and

Jay Aster, Individually and t/a Wingate Construction Company

v.

Russell W. MORELLO and Anthony Morello, Individually and as partners t/a Russell W. Morello, Excavating and Paving Contractor.

Civ. A. No. 25328.

United States District Court
E. D. Pennsylvania.
Dec. 12, 1960.

Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

John J. McDevitt, III, Philadelphia, Pa., for Philadelphia Elec. Co.

Duane, Morris & Heckscher, Philadelphia, Pa., for Aster.

LORD, District Judge.

This matter arises out of an occurrence on September 25, 1957, in which plaintiff's decedent was electrocuted. Suit was instituted against the Philadelphia Electric Company (hereafter "Philadelphia Electric") and Jay Aster, individually and t/a Wingate Construction Company (hereafter "Aster"), as defendants. Both parties filed third-party actions against Russell W. Morello and Anthony Morello, individually and t/a Russell W. Morrello Excavating and Paving Contractor (hereafter "the Morellos").

It is asserted that Aster was a general contractor under a contract with the government for excavating and construction work and that the third-party defendants, the Morellos, were subcontractors of Aster for a portion of the work. It is further contended by Aster that the deceased was an employee of the third-party defendants, the Morellos.

This matter is presently before this Court on Aster's motion for summary judgment on the ground that Aster was

the statutory employer of the deceased at the time of the accident, and therefore immune from common-law liability.

The applicable section of the Workmen's Compensation Act, says Aster, is

Tit. 77 P.S. § 52 [Employers' liability to employee of employee or contractor permitted to enter upon premises] "An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe. 1915, June 2, P.L. 736, art. II, § 203; 1937, June 4, P.L. 1552, § 1; 1939, June 21, P.L. 520, § 1."

■ It is a fact taken for granted by the parties that this action is subject to the jurisdiction of this court by virtue of diversity of citizenship in that: the plaintiff Administratrix is a resident and citizen of Trenton, New Jersey; the defendant Philadelphia Electric is a Pennsylvania public utility corporation with its principal place of business in Philadelphia, Pennsylvania; and the amount in controversy exceeds $10,000. The laws and decisions of Pennsylvania therefore are controlling.

■ It is settled law in Pennsylvania that the employee of a subcontractor cannot maintain a negligence action against his statutory employer. Swartz v. Conradis, 1929, 298 Pa. 343, 148 A. 529; Giordano v. Clement Martin, Inc., 1943, 347 Pa. 61, 31 A.2d 504; Girardi v. Lipsett, Inc., 3 Cir., 1960, 275 F.2d 492, 493; Winters v. Herdt, 1960, 400 Pa. 452, 162 A.2d 392.

Defendant Philadelphia Electric, however, resists the motion of Aster on the grounds that:

(1) "This is not the sort of clear case, where there is no issue of fact for development, in which summary judgment

may be granted on the pleadings." In particular, it asserts that the motion and its supporting affidavits are not self-sustaining, and do not clearly present all the elements necessary to sustain Aster's position, and suggests "Cf. Boettger v. Babcock & Wilcox Company, 242 F.2d 455 (3rd Cir. 1957)." The insufficiency, it argues, is as to

(a) Whether the accident which gave rise to the injury took place on the premises occupied or under control of the statutory employer, and

(b) That there was no showing that it was in connection with performance by the employee of the employer's regular business on the premises, saying "Cf. Lee v. McMinn Industries, Inc., 167 Pa. Superior Ct. 501, [76 A.2d 493] (1950)."

(2) Even if the record as presently constituted sufficiently describes the matter as being within the confines of the statutory employer situation, however, defendant Philadelphia Electric says Aster's motion should be denied for a further reason. Defendant designates that reason as the doctrine of Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105. That is—Philadelphia Electric argues—defendant Aster should be retained on the record to determine its liability, if any, so that the question of contribution can be properly determined. It adds

"* * * and this is so notwithstanding the shallow consideration given the problem by the Court in Giordano v. Clement Martin, Inc., 347 Pa. 61 [31 A.2d 504] (1943)."

It develops that argument as follows:

"Under the Workmen's Compensation Act the statutory employer owes the primary obligation of paying compensation to the injured workmen. See, 77 P.S. §§ 52, 462; Byrne v. Hitner's Sons Co., 290 Pa. 225 [138 A. 826, 58 A.L.R. 865] (1927). The Act permits the statutory employer to enter into an agreement with the intermediate employer to provide for the payments by the intermediate employer. This is by

contract and without it the intermediate employer is not liable. 77 Pa. § 462 [sic]

"In the instant case the third-party defendant, Morello, is paying the compensation to deceased's widow, this comes about by reason of the contract between Jay Aster and Morello. If Morello is found to have contributed to the occurrence then the defendant, Philadelphia Electric Company, would be entitled to contribution from it at least to the extent of the compensation payable under the Act. But what is the status of the parties if Morello is found to be free of negligence and defendant, Jay Aster, is found to have contributed to the injuries and death of decedent? It is perfectly obvious that under the Act defendant, as the person primarily liable, would be required to contribute at least to the extent of the compensation payable. Certainly third-party defendant, Morello, has no higher rights than Jay Aster because it paid the compensation, not by direction of the Act, but because it voluntarily assumed by contract to pay Aster's liability under the Compensation Act.

"A determination of how much plaintiff is entitled to receive, if anything, and a determination of what contribution defendant, Philadelphia Electric Company, is entitled to if it is found liable, depends upon a determination by the jury of whether Jay Aster or Morello were negligent and responsible for the occurrence. It is not sufficient that Morello is on the record because it may exonerated [sic]. This conclusion is a necessary application of the doctrine of Maio v. Fahs, 339 Pa. 180 [14 A.2d 105] (1940). It is apparent that the Court in Giordano v. Clement Martin, supra, did not consider this phase of the matter.

"Finally, we are dealing with a situation in the framework of the facts as they presently exist. However, what would the rights of the parties be if for some reason the compensation payments are not continued to be paid by Morello? As indicated in Swartz v. Conradis, 298 Pa. [343] 347 [148 A. 529] (1929), the statutory employer must respond if for any reason the subcontractor or his insurer is or becomes irresponsible. In that contingency the question of defendant's responsibility for the reasons set forth in Maio v. Fahs, supra, becomes important."

### (1) *Are the Facts Clear?*

█ If there are no debatable questions of fact, a dismissal prior to trial, in the statutory employer situation, is warranted. See Frankel v. International Scrap Iron & Metal Co., D.C.E.D.Pa.1957, 157 F.Supp. 709; Bishop v. Joseph R. Farrell, Inc., D.C.E.D.Pa.1958, 167 F. Supp. 614. That time is particularly appropriate since in an action for trespass for negligence the employment status of the plaintiff with respect to the defendant may not be disclosed to the jury. Winters v. Herdt, 1960, 400 Pa. 452, 162 A.2d 392.

There can be no real question that plaintiff's decedent, Phillip Morello, was an employee of the Morellos; that the Morellos were subcontractors of Aster; nor that Aster was the general contractor for the United States Government.

While those matters may be taken as settled by the pleadings, it is also to be noted that the Aster motion is fully supported by affidavits, and there have been no contravening affidavits on behalf of defendant Philadelphia Electric or any other party.

Supporting the motion there is Exhibit A, a copy of the contract between Aster and the Government. Exhibit B is a copy of Aster's contract with the Morellos, which is clearly a subcontract. That is—Aster, in his capacity as general contractor, by the subcontract with the Morellos engaged the latter to do certain excavating and other work on the project which Aster was primarily responsible to do.

References to the present record, contrary to Philadelphia Electric's assertion, do show the elements of statutory employer's occupancy and control of the premises on which the accident took place, and also that the occurrence took place in connection with the employee's performance of the employer's regular business on the premises. For instance:

Plaintiff's complaint, in paragraph 6, itself sets out that

"On or about September 25, 1957, the deceased, Phillip P. Morello, *while in the performance of his duties as a crane operator,* by reason of the negligence of the defendants \* \* \* [sustained] injuries which \* \* \* resulted in his death \* \* \*." (Emphasis added.)

Plaintiff's answer to an interrogatory propounded by Aster is to the same effect —that decedent was employed by the Morellos at the time of his death.

The Answer of the Morellos to the Third Party Complaint of Aster states the same facts and circumstances in its Third and Fourth defenses.

The Philadelphia Electric's Third Party Complaint against the Morellos states that:

"At the time of the said accident, Third Party Defendants [Morello Company] were engaged as subcontractors in certain excavation work"

In paragraph 3 of the same Complaint, the Philadelphia Electric said:

"The accident giving rise to this action was due to the carelessness and negligence of Third Party Defendants [Morello Company], their agents, servants, workmen or employees acting within the course and scope of their employment and on the business of [Morello Company]."

Philadelphia Electric's answer to Interrogatory No. 12 addressed to Philadelphia Electric by the plaintiff contains the following:

*Question:* "Give the exact location of this accident, specifying in particular: a. Where the accident took place with respect to the Nike Missile Plant \* \* \*."

*Answer:* "12a. Potshop Road north of Berks Road, Worcester Township, Pa., on Nike Site, inside the Army protective fence on U. S. Government property."

From the foregoing and other matters of record in the pleadings, affidavit and supporting exhibits, it would appear that there is no material question of fact on the grounds raised by Philadelphia Electric. It is clear, accordingly, that (a) decedent was engaged as a crane operator (b) for the Morellos; (c) that he was engaged in the course of his employment for the Morellos at the time of the occurrence, *i. e.* assisting in excavation work for the Morellos, who had (d) sub-contracted with Aster to do this excavation work at (e) Nike Missile Base of the United States Government who had originally contracted with Aster for work which included the excavation work being performed by Morello Company.

(2) *Should Aster be Retained on the Record for Possible Liability for Contribution?*

The above caption is merely designed to indicate the second question raised by Philadelphia Electric in connection with what it calls the doctrine of Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105.

As heretofore stated, there is no room for argument as to the basic Pennsylvania principle that an employee may not bring a negligence action against his statutory employer. Girardi v. Lipsett, Inc., 3 Cir., 1960, 275 F.2d 492; Winters v. Herdt, 1960, 400 Pa. 452, 162 A.2d 392; Capozzoli v. Stone & Webster Engineering Corp., 1945, 352 Pa. 183, 42 A.2d 524.

It is true that there has been a workmen's compensation claim filed on behalf of the decedent, Phillip Morello, as admitted in plaintiff's answer to Aster's Interrogatory 7B. The insurer of the Morellos is making the workmen's compensation payments pursuant to the agreement under which dependents of the

decedent receive $37.50 per week (Ibid.). As the affidavit of Aster states the matter—

"5. That by agreement for compensation for death benefits, Bureau of Workmen's Compensation No. 6,780,685, the survivors of plaintiff's decedent entered into a binding agreement for compensation with the insurer of the aforesaid Morello Company. Said benefits continue to be paid in the amount of $37.50 per week."

Aster argues that the case which is urged by Philadelphia Electric, Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105, is not applicable. To the contrary, says Aster, he cannot be retained on the record for contribution since it has been demonstrated that workmen's compensation payments are being paid by the Morellos, who are the direct employers. Giordano v. Clement Martin, Inc., 1943, 347 Pa. 61, 31 A.2d 504.

This Court agrees with Aster. The Maio case did not concern the respective liabilities and immunities of contractors, subcontractors, direct employers or statutory employers. It was simply a wrongful death action against a stranger, the operator of a trailer truck which collided with the milk truck on which the plaintiff's decedent had been working as helper. The trailer truck operator brought in, as additional defendants, the driver of the milk truck (a coworker of plaintiff's decedent) and the milk company by whom both the driver and the deceased helper had been employed. Judgment was rendered on a jury verdict jointly against these three defendants.

The direct employer (additional defendant) had entered into an agreement for compensation for the death of its employee, plaintiff's decedent, under the Pennsylvania Workmen's Compensation Act.

On appeal, the milk company challenged the judgment against it, asserting that as to it the plaintiff's exclusive remedy was under the Workmen's Compensation Act. It was in that context that the court held that although plaintiff's remedy against the appellant milk company (direct employer, additional defendant) was limited to the statutory compensation agreement, appellant should be retained on the record—since the circumstances of payment of the judgment might entitle the other joint defendants to limited contribution from the appellant. Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105.

In the instant case, however, it is the Morellos who are the direct employer, and it is the Morellos who have undertaken the compensation payments by statutory agreement. Aster, on the other hand, is the statutory employer and—by virtue of the Morellos' agreement—is not responsible for the compensation payments. The Maio holding, therefore, appears not to stand in the way of Aster's motion to dismiss.

On the other side, Aster argues a later Pennsylvania case as authority for its contentions, Giordano v. Clement Martin, Inc., 1943, 347 Pa. 61, 31 A.2d 504. In that case, the employee of a subcontractor brought a negligence action against a second subcontractor, and the general contractor was joined as an additional defendant. The lower court granted a non-suit as to both defendants.

On appeal, the Supreme Court affirmed the non-suit only with respect to the general contractor (the third-party defendant, statutory employer) despite the argument of the sub-contractor (the original defendant) that the general contractor (statutory employer) should be retained on the record to establish his obligation to pay contribution.

In rejecting this contention, the Supreme Court held that inasmuch as plaintiff's immediate employer was making those payments, the general contractor could not be retained on the record for contribution under the operation of the Workmen's Compensation Act. At page 65 of 347 Pa., at page 506 of 31 A.2d the Supreme Court summarizes the matter as follows:

"No evidence of negligence was presented against the general contractor, William S. Miller Company, and plaintiff admits that even if such negligence were established he could not recover from that defendant. Swartz v. Conradis, 298 Pa. 343, 148 A. 529. But Clement Martin, Inc. urges that its co-defendant should be retained on the record so that, if it should itself be held liable, it might be able to show that William S. Miller Company also was negligent and thereby entitle itself to contribution to the extent of the workmen's compensation for which William S. Miller Company would be liable to plaintiff under sections 203 and 302(b) of the Workmen's Compensation Act of June 2, 1915, P.L. 736. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105. It appears, however, that plaintiff was paid compensation, not by William S. Miller Company, but by the insurance carrier of his immediate employer, Pittsburgh Ply-Rite Company, presumably because of an agreement between that Company and William S. Miller Company as provided in section 302(b) of the act, and under such circumstances the general contractor was relieved from the payment of the compensation for which it would otherwise have been liable: Byrne v. Henry A. Hitner's Sons Co., 290 Pa. 225, 138 A. 826, 58 A.L.R. 865; Swartz v. Conradis, 298 Pa. 343, 346, 347, 148 A. 529, 530, 531; Salkind v. Pennsylvania Threshermen & Farmers' Casualty Insurance Co., 335 Pa. 326, 330, 331, 6 A.2d 301, 303. No right of contribution, therefore, could arise in this case."

▉ It should be noted however, that even though the direct employer has assumed the workmen's compensation payments, this fact does not make the statutory employer defense unavailable to the general contractor. See Byrne v. Henry A. Hitner's Sons Co., 1927, 290 Pa. 225, 138 A. 826, 58 A.L.R. 865; Swartz v. Conradis, 1929, 298 Pa. 343, 148 A. 529.

In Swartz v. Conradis, supra, the Court said at page 347 of 298 Pa., at page 531 of 148 A.:

" * * * Appellant argues that defendant, by agreeing with the subcontractor that the latter carry compensation insurance, took himself out of the act and so paved the way for a common law liability. We thought this had been made clear in the Gallivan [Gallivan v. Wark Co., 288 Pa. 443, 136 A. 223] and Byrne cases. It is there pointed out that the statutory employer's responsibility for compensation may be avoided by an agreement with the subcontractor, but such agreement is possible only if the Act is accepted. It cannot mean the statutory employer rejects the act altogether by such agreement, as both employers are then liable thereunder; the ultimate payor being the one as suggested in the Byrne case. Although the burden is prima facie shifted to the subcontractor, the statutory employer must respond if for any reason the subcontractor or his insurer is irresponsible."

This case makes it clear beyond any further doubt that Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105, does not apply to a situation where it is the statutory employer who is being sued, and where it is shown that the statutory employer (1) has satisfied his workmen's compensation obligation; or (2) that the direct employer (here, the Morellos) has assumed the workmen's compensation obligation. Under these circumstances, the statutory employer should *not* remain on the record. Giordano v. Clement Martin, Inc., 1943, 347 Pa. 61, 31 A.2d 504.

Therefore, since it has been found that, on the record before this Court as to this issue, there is no genuine dispute as to any material fact; and since the remedies provided by the Pennsylvania Workmen's Compensation Act are ex-

clusive as to the situations to which it applies; and since it has been found that by the operation of such Act the moving party is the statutory employer —it follows that plaintiff cannot recover against defendant Aster, the moving party herein.

It is accordingly ordered that the within action be, and the same is hereby dismissed as to the defendant Jay Aster, individually and t/a Wingate Construction Co.