Daniel A. **MOBILIO**, Plaintiff,

v.

**EASTERN MOTOR DISPATCH, INC.,**
Defendant,

v.

**PERRY J. GOLDMAN CONSTRUCTION
CO., Inc., Peronace & Bressi Construc-
tion Co., Inc., and Warren-Ehret Compa-
ny, Inc., Third-Party Defendants.**

No. 38211.

United States District Court
E. D. Pennsylvania.

April 14, 1966.

---

Bloom, Ocks & Fisher, Philadelphia, Pa., for plaintiff.

Frederick H. Knight, 3rd, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

James H. Agger, Krusen, Evans & Byrne, Philadelphia, Pa., for third-party defendants.

WOOD, District Judge.

In this action Daniel A. Mobilio (hereinafter referred to as "Mobilio") brought an action in trespass in the state court against Eastern Motor Dispatch, Inc. (hereinafter referred to as "Eastern") which was removed to this court. In the original complaint he alleged, inter alia, that the negligence of the defendant was "failing to have due regard for the rights, position and safety of the plaintiff, as well as others lawfully on the highway at the point aforesaid." We mention this at this time since it has some bearing on the legal issues which will be discussed later in this memorandum. Thereafter, Eastern filed third-party complaints against Perry J. Goldman Construction Co., Inc. (hereinafter referred to as "Goldman") who it is alleged was the general contractor on the job where Mobilio was employed. They also brought in as additional defendants Peronace & Bressi Construction Co., Inc. who constructed a scaffold on which Mobilio was working at the time of the accident, and in addition, Warren-Ehret Company, Inc. (hereinafter referred to as "Warren"), an alleged subcontractor and the direct employer of Mobilio.

Thereafter, Goldman moved for summary judgment averring that he was a statutory employer within the provisions of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 52, and therefore could not be liable for common law negligence or contribution, and in both his brief and at argument he states that the

Court must recognize the factual and legal conclusion that since he was a general contractor and thus a statutory employer having (if not control) the "right to control" as defined by § 52 of the aforesaid Act.

We think it advisable to state at this point that all that is before the Court at the present time in the nature of facts on which we could make a decision are the original complaint, an affidavit by Goldman which says nothing more than that he was the general contractor and the admitted fact that compensation was paid by Warren which legally would avoid compensation being paid by Goldman, and the briefs. There are no depositions, interrogatories or other affidavits which in any way go to the basic issue in this case, namely, whether in fact he was a statutory employer with either control or the right to control the construction going on at the time of the accident. Furthermore, the record reveals that the accident may have happened over or on a highway "adjacent" to the building being erected rather than on the premises itself. Another minor point which is not necessary to decide at this time is that in all the cases relied on by movant, the original action was brought against the alleged statutory employer, whereas in the case at bar the action was brought only against Eastern, the original defendant, who in turn brought the third-party action against Goldman. What effect this has on the issue in this case we do not decide at this time.

■ The case on which Goldman relies most strongly is that of Moore v. Philadelphia Electric Company, 189 F.Supp. 808 (E.D.Pa.1960) decided by our colleague Judge John W. Lord, Jr. We agree with the decision in that case completely, but it must be noted that at page 812, Judge Lord stated "References to the present record * * * do show the elements of statutory employer's occupancy and control of the premises on which the accident took place, and also that the occurrence took place in connection with the employee's performance of the employer's regular business on the premises." In other words, our reading of that opinion indicates to us without question that there was sufficient evidence or justification in the entire record on which the Court could rely and find that "A summary judgment should be granted only where there is no genuine issue of fact in controversy. As a general rule, summary judgment is not warranted in actions based on negligence, except in those limited instances where an affirmative defense can be established with certainty." 6 Moore, Federal Practice, Para. 56.15 at 2285 (2d ed. 1965). In the case at bar the record before us falls far short of meeting that standard both as to the statute and in addition where the accident actually happened. Movant has cited Girardi v. Lipsett, Inc., 275 F.2d 492 (3rd Cir. 1960), and Giordano v. Clement Martin, Inc., 347 Pa. 61, 31 A.2d 504 (1943) in support of his motion, and Eastern has with some merit distinguished those cases from the issue which we must decide.

■ It is interesting that neither party cited Hayes v. Philadelphia Transportation Company, 312 F.2d 522 decided by the Third Circuit on January 2, 1963, in an opinion by Circuit Judge, now Chief Judge, Staley. At page 524 the opinion states: "It is abundantly clear that on the record before us there is a factual dispute as to whether Belanger either actually occupied or controlled the premises or had the right to do so." There is also an interesting analogy in this case pointed out by Chief Judge Staley when he states:

"It is asserted that appellant is on the horns of a dilemma, for if Belanger was not in control of the premises there is no basis for charging it with negligence toward him. The complaint avers that Belanger breached a contractual duty in failing to provide the necessary safeguards to insure the protection of Hayes, and that this was the cause of his injury. Thus, as we said

in [3 Cir.] Boettger v. Babcock & Wilcox Co., 242 F.2d [455] at 458, 'These facts, if proved, could afford a basis of liability even though the defendant was neither the plaintiff's employer nor the person in control of the premises.' "

We referred to this comment because of the situation in this case where the record is devoid of any evidence as to where this accident actually happened except for the fact that Mobilio was working on a scaffolding at the time of the accident and a statement in Eastern's brief that the scaffolding itself was not on the premises where the construction work was going on but was over a highway adjacent thereto. In this connection we again call attention to the original complaint in the action wherein it was stated that Eastern's negligence involved a lack of due regard for the persons using the highway. Accordingly, we enter the following:

## ORDER

And now, this 14 day of April, 1966, it is ordered that the motion for summary judgment is denied.