BARKDULL, Judge.
By this appeal, the plaintiff in the trial court questions the correctness of a directed verdict for the defendant and final judgment thereon. The defendant, by cross-assignment, also questions a part of the final judgment.
In ruling on a motion for directed verdict, a trial judge is required to determine whether or not there is any evidence or reasonable inference therefrom to support the plaintiffs cause of action. See: Good v. Ozer, Fla.App.1958, 100 So.2d 204; Belden v. Lynch, Fla.App.1961, 126 So.2d 578. And, if there is no evidence or reasonable inference therefrom to support the plaintiffs cause of action, then he is authorized to grant a directed verdict. See: Swilley v. Economy Cab Co. of Jacksonville, Fla.1951, 56 So.2d 914; Smith’s Bakery, Incorporated v. Jernigan, Fla.App.1961, 134 So.2d 519. Upon a defendant moving for a directed verdict, the plaintiff is entitled to all conflicts in the evidence or inconsistencies being resolved in his favor, together with all reasonable inferences logically deducible from the evidence veiwed in a light most favorable to him. See: Brightwell v. Beem, Fla.1956, 90 So.2d 320; Guhman v. Florida Power & Light Company, Fla.App.1962, 139 So.2d 749.
Examining the record on appeal in this cause in light of these principles at the time of the determination of the motion for a directed verdict, we find the following: Approximately five to seven days prior to July 26, 1960, the appellee, Bailey-Lewis-Williams, Inc., was engaged in painting a three story building located on the northeast corner of the intersection of S.E. 1st Street and 1st Avenue, Miami, Florida, pursuant to a contract with the owner. A “hanging” scaffold was utilized by the workmen in the conduct of their work. Said scaffold was attached to the roof and had to be moved several times during the painting of the building. Each time the scaffold was moved, pieces of tile from the roof would fall to the ground. The workmen, while preparing the building for painting, would chip off pieces of paint and other debris which also fell to the ground and, on at least one occasion, they dropped a caulking gun. These occurrences prompted a policeman nearby to warn the foreman on the job to be more careful. On the day of the accident involved herein, the painters were working above a marquee of a Royal Castle restaurant located in the building. There were no ropes or protective devices to warn passersby of the painters and their activities. At approximately 12:00 o’clock noon, the appellant, Jeannine Wilson, accompanied by a friend walked beneath the marquee and she was struck on the shoulder by a neon tube which fell from the marquee, resulting in alleged injury to her eye and foot. A police officer, who was directing traffic near the scene, went to investigate and was told by one of the painters working on the job that they had dropped something.
Shortly after the accident, Jeannine Wilson went to the doctor to have a small cut on her foot attended to. Later in the day her eye began to bother her and, when it became inflamed, she went to have the eye treated. She recovered completely from the injury to her foot, but the eye injury was such that it would appear to be cured and then flare up again periodically. Such a situation has existed from the time of the accident until trial and, apparently, will continue to exist for an undetermined period of time if not for the rest of her life.
*295 This was the state of the record at the time the trial judge “ruled that the defendant is entitled to a directed verdict.” Thereafter, he entered a final judgment which attempted to limit the effect of the directed verdict by transferring one of the plaintiff’s claims to the Civil Court of Record in and for Dade County, Florida,[1] and this appeal ensued.
The appellant urges that the court erred in directing a verdict for the defendant. The appellee, by cross-assignment and brief in this matter, urges that the trial court committed error when it modified its directed verdict in the final judgment by preserving a part of plaintiff’s claim and transferring the matter to the civil court of record.
Because of our ultimate determination of this matter, we find no merit in the appellee’s cross-assignment. Turning to the appellant’s point, we find that the trial judge committed error in directing a verdict for the defendant, and reverse. It appears in reviewing the evidence in a light most favorable to the appellant, that there was a sufficient causal connection between the defendant painting contractor’s employees’ actions and the alleged injury to the plaintiff to warrant a jury returning a verdict for her. See: Bernheimer-Leader Stores, Inc. v. Burlingame, 152 Md. 284, 136 A. 622; Ryan v. Woodburn Granite Co., 266 Pa. 105, 110 A. 279; Giordano v. Clement Martin, Inc., 347 Pa. 61, 31 A.2d 504; Smith v. Lit Bros., 174 Pa.Super. 102, 100 A.2d 390; 65 C.J.S. Negligence § 79; 25 Am.Jur., Highways, § 543.
Therefore, the final judgment here under review based on the directed verdict for the defendant be and the same is hereby reversed, with directions to the trial court to grant the plaintiff a jury trial on the issues made by her amended complaint and the appellee’s answer thereto.
Reversed and remanded, with directions.

. It is apparent that the trial judge felt that the plaintiff had not made a prima facie case, either as to liability or damages for the eye injury. If in fact this was the state of the record, it appears that the appropriate method to remove this question of injury and damage from consideration by the jury would have been to grant a motion to strike such evidence as was presented on this issue, and instruct the jury accordingly. See and compare: Hall v. Western Union Telegraph Co., 59 Fla. 275, 51 So. 819, 27 L.R.A.,N.S., 639; St. Johns Electric Co. v. Lawler, 90 Fla. 188, 105 So. 818.