**GALLAGHER v. GENERAL MACHINE CO., Inc. et al. (THE AUSTIN CO., Third Party Defendant).**

Civ. A. No. 8926.

United States District Court
E. D. Pennsylvania.

July 21, 1949.

Isaac S. Grossman, Philadelphia, Pa., for plaintiff.

James J. Leyden, Philadelphia, Pa., for defendant General Machine Co.

C. Laurence Cushmore, Jr., and Thomas R. White, Jr., of White, Williams & Scott, Philadelphia, Pa., for defendant Pennsylvania Power & Light Co.

Joseph S. Conwell, and Augustus S. Ballard, of Pepper, Bodine, Stokes & Hamilton, Philadelphia, Pa., for The Austin Co.

GANEY, District Judge.

This case arises upon the third-party defendant's motion to dismiss the third-party action brought by the Pennsylvania Power & Light Company, one of the defendants in the main action. The ground for the motion, which was evidently filed pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is that the third-party complaint fails to state a claim upon which relief can be granted because the third-party defendant is not liable for contribution to the third-party plaintiff under the law of Pennsylvania. Diversity is the basis for jurisdiction of this court over the main action.

The third-party defendant was the general contractor for erecting a foundry on the premises (situated in Pennsylvania) of the General Machine Co., the other defendant. The sub-contractor for installing a precast concrete roof slab was the Frank J. Gallagher Co., Inc. Because under the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., a general contractor is liable for injuries sustained by employees of the sub-contractor, the Gallagher Company carried, as required by the terms of the sub-contract, workmen's compensation insurance to protect the general contractor.

While the plaintiff was aiding the Gallagher Company in installing the roof slab on the foundry, he was injured as the result of the negligent maintenance of a high voltage electric wire owned by the third-party plaintiff. Since plaintiff was a citizen and resident of New Jersey and his contract of employment was entered into therein, he "elected" to receive benefits under the law of that State. Those benefits have been paid in full by the Gallagher Company's insurance carrier[1].

The third-party complaint states that the third-party defendant was negligent, among other things, in the following respects: It knew or should have known that the electric wire extending over the premises of the General Machine Co. was carrying electricity of high voltage; it failed to warn the Gallagher Company or the plaintiff of the potential danger of the wire; and it failed to notify the third-party plaintiff that the foundry would be constructed in close proximity to the electric wire.

Under the law of Pennsylvania and within the scope of the Federal Rules of Civil Procedure, the third-party complaint states a cause of action upon which relief can be granted. Even though to the extent that it has met its obligation in full toward the plaintiff under the Pennsylvania Compensation Act the third-party defendant has a good defense, it does not follow that the third-party action at its present stage should be dismissed. Maio v. Fahs et al., 1940, 339 Pa. 180, 187-192, 14 A.2d 105; Giordano v. Clement Martin, Inc., et al., 1944, 347 Pa. 61, 65, 31 A.2d 504.[2]

---

1. Neither the total sum of the benefits received by the plaintiff nor the amount which he was entitled to receive under the Pennsylvania Workmen's Compensation Act appears in the papers filed with the court.

2. It should be noted that in the Giordano case, in addition to the fact that com-

Moreover, in view of the allegations of the amended complaint, the defense of payment should be raised (more appropriately) by or after answer to the third-party complaint rather than by motion to dismiss.[3] The latter, under the circumstances, may not be considered as one for summary judgment under Rule 56.

The amended third-party complaint claims that the plaintiff, at the time of his injury, was a director and not an employee of the Gallagher Company. The third-party defendant proceeds on the assumption that he was an employee of that company at the time he sustained his injury. The determination of the question as to whether he was an employee or is to be considered as such under the Pennsylvania Workmen's Compensation Act must await the trial after the matter has been properly brought to issue. In ruling on the present motion, we must assume that he was a director of the company.

Accordingly, the motion is dismissed without prejudice.

pensation benefits were paid in full to the injured employee under the Pennsylvania Workmen's Compensation Act, no evidence of negligence was presented against the general contractor. While in the Maio case, death benefits were still in the process of being paid and the jury found the general contractor jointly liable with others for the injury sustained by the deceased employee.

3. Rule 12(b), in pertinent part, provides: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. * * * "