Howard **JAMISON**, Administrator of the Estate of Richard Sirianni, Deceased, Plaintiff,

v.

**JONES MOTOR FREIGHT, INC.,** a corporation and/or Jones Motor Company, Inc., a corporation, Defendant.

v.

**PUHL & FALCONER EXPRESS,** Third-Party Defendant.

Civ. No. 64–929.

United States District Court
W. D. Pennsylvania.
Sept. 1, 1966.

McArdle, Harrington, Feeney & Mc-Laughlin, Pittsburgh, Pa., for plaintiff.

Clem Kyle, Royston, Robb, Leonard, Edgecombe & Miller, Pittsburgh, Pa., for defendant.

Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for third-party defendant.

## OPINION

WEBER, District Judge.

In this diversity negligence action for wrongful death plaintiff sued defendant alleging negligence by a defendant employee in the operation of its motor vehicle. Defendant has joined as a third-party defendant the employer of plaintiff's decedent alleging negligence on its part independent of any contributory negligence of the plaintiff's decedent, its employee. The third-party complaint makes no affirmative claim against the third-party defendant but recites that if the original defendant is liable to the plaintiff, which it denies, then the defendant is entitled to an off-set against any judgment in favor of the plaintiff to the amount which third-party defendant has paid or is obligated to pay on behalf of plaintiff's decedent under the Pennsylvania Workmen's Compensation Laws. The third-party complaint recites that defendant has received a subrogation notice from third-party defendant claiming reimbursement for such compensation and medical expenses as third-party defendant might be liable for under the Pennsylvania Workmen's Compensation Laws. In both the subrogation claim and the set-off claim the question of negligence of the third-party defendant must be resolved to determine the issues.

Third-party defendant pleads in its Answer that it has already paid defendant for damages suffered by it arising out of the accident and has received a full and complete release of all claims from the defendant. This release would be a complete bar to any claim of defendant for indemnity or contribution. Third-party defendant's Answer also asserts that plaintiff's decedent was its employee and that third-party defendant's liability is limited to and controlled by the provisions of the Workmen's Compensation Act of Pennsylvania, which liability it has met under the provisions of the Act.

■ Pennsylvania law would bar the joinder of a third-party defendant by an original defendant who had given such a release. See Killian v. Catanese, 375 Pa. 593, 101 A.2d 379 (1954); and Polley v. Atlantic Refining Co., 417 Pa. 549, 207 A.2d 900 (1965). However, the *Polley* case, cit. supra, recognized an exception to that rule supplied by

Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (1956):

"However, in *Davis*, there was an additional fact present which put *Killian* in abeyance, namely, not only was there a release from the defendant to the additional defendant, but there was in addition a release from the plaintiff to the additional defendant. We expressly stated that this additional fact made *Killian* inapplicable because the additional defendant had given the plaintiff a release which stated 'That any damages, recoverable by the Undersigned, against or from all the other joint tortfeasors, shall be reduced to the extent of the pro rata share of said damages which the parties released hereby, except for this release, would otherwise have to pay.' We held that '[i]t was therefore clear that an important factor in the determination of the amount of damages that Miller (the original defendant) may be required to pay to plaintiffs is whether or not Mary Richardson (the additional defendant) would also have been liable to them had they not released her,—in other words, whether she was a joint tortfeasor with Miller.' Therefore we declared that the defendant was entitled to have Mary Richardson a party of record because under the terms of the release given by the plaintiffs to Mary Richardson, the plaintiffs could only recover from the original defendant his pro rata share, or one-half, of the amount to which plaintiffs would otherwise have been entitled. Thus, our decision in Davis v. Miller in no way dulled the incisive effect of Killian v. Catanese. In fact, it affirmed that by such a release the original defendant 'clearly surrendered any claim he might have had to recover from the additional defendant by way of contribution or otherwise.' " (pp. 556, 557, 207 A.2d pp. 903–904)

█ The present case also presents an additional fact which puts *Killian* in abeyance. Plaintiff's decedent was covered under the Pennsylvania Workmen's Compensation Act by the third-party defendant. This third-party defendant seeks a recovery of the amount which it is required to pay under the Compensation Act from the defendant, and the defendant seeks a set-off or credit against any liability which may be determined against it to the extent of the Workmen's Compensation payment. These are rights secured by Pennsylvania law. See Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940). The Court there held that equitable principles require the joinder of all parties so that defendant's right of contribution from a joint tortfeasor should not be lost or nullified. This does not mean that defendant has an affirmative claim against the third-party defendant for indemnity or contribution. The third-party defendant has secured a release from the original defendant from all claims and the third-party defendant has satisfied any obligation to plaintiff's decedent under the Workmen's Compensation Act. Nevertheless, the question of liability must be determined not only with respect to original defendant but as to third-party defendant. The motion for summary judgment will be denied.