**William P. DAVIS, Plaintiff,**

v.

**GERSTENSLAGER COMPANY, Defendant and Third-Party Plaintiff,**

v.

**The LORD CORPORATION, Third-Party Defendant.**

**Civ. A. No. 42–68 Erie.**

United States District Court
W. D. Pennsylvania.

Aug. 22, 1969.

Richard H. Scobell, Erie, Pa., for plaintiff.

Andrew J. Conner, Erie, Pa., for defendant.

John Potter, Erie, Pa., for third-party defendant.

## OPINION

WEBER, District Judge.

In this diversity negligence case the jury returned a verdict of $7,-000 for plaintiff. The jury found that the third-party defendant (plaintiff's employer) was negligent and liable over to defendant for contribution. Being the employer, however, third-party defendant's liability is limited to what it has already paid under the Pennsylvania Workmen's Compensation Act. Being found liable for contribution the third-party defendant loses its subrogation rights to recover what it paid as Workmen's Compensation from another party found to be liable. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 [1940].

The damages testimony concerned two periods of medical treatment and loss of wages following the accident, and the medical bills and wage losses for each period were submitted to the jury. Plaintiff's medical witness, who was also the company physician for plaintiff's employer, testified as to both periods of disability and the causal relationship of both to the accident. The jury, in an

erroneous return, had itemized its verdict and attempted to divide it between defendant and third-party defendant. This itemization showed that they allowed all medical bills and wage losses claimed. On being instructed to return a single verdict on damages they found for slightly more than the previously itemized total.

Following the verdict, defendant employed discovery and found that the insurance carrier for third-party defendant had already paid plaintiff *$1,097.06* under the Workmen's Compensation policy in effect for the first period of disability, and *$1,302.44,* under an employee's health and accident policy paid for by employer as part of plaintiff's employment contract, for medical expenses and wage loss for the second period of disability.

Defendant claims credit for both payments against the verdict. There is no dispute that it is entitled to credit for the Workmen's Compensation payments. Defendant argues that the second payment should also be credited either as being properly paid on account of Workmen's Compensation Liability, or because it was payment from a collateral source.

We agree that plaintiff may not recover twice for the same injury under these circumstances. Kite v. Jones, 389 Pa. 339, 132 A.2d 683 [1957] states:

> "The law is clear that if a plaintiff receives his regular compensation during the period of his incapacity he may not recover for his loss of salary or wages unless he affirmatively shows that these payments were a gratuity from his employer." (p. 351, 132 A.2d p. 689.)

These payments were not a gratuity but were paid to plaintiff as part of his employment benefits. It is immaterial that the policy did not specifically reserve a right of subrogation. Subrogation is a legal right but it may be waived as part of the insurance contract.

In Kite v. Jones, supra, the Supreme Court of Pennsylvania struck the sum of $10,000 from a verdict on a finding that plaintiff had been paid for his wage loss on a prior occasion.

We believe it is immaterial whether this sum was paid by the employer as Workmen's Compensation required by law, or as a health and accident benefit required by the employment contract. Philadelphia v. Phila. Rapid Transit Co., 337 Pa. 1, 10 A.2d 434 [1939]:

> "The sums here paid by the city to the firemen were not strictly speaking wages. They were in the nature of disability compensation, similar to workmen's compensation payments and payments under an accident insurance policy and should be treated in the same manner." (p. 4, 10 A.2d p. 435).

The payments in issue were the full wages and medical payments required to be paid by a municipality to a city fireman injured on duty. While the plaintiff suing a third-party to recover his damages may recover these, the right of subrogation exists in the employer to receive repayment out of plaintiff's verdict.

A thorough review of the applicable Pennsylvania law on this subject was made in Feeley v. United States, 337 F. 2d 924, 12 A.L.R.3d 1228 [3d Cir., 1964], and it found controlling Pennsylvania law to hold that a plaintiff may not have double recovery for sums paid by his employer or its carrier unless it be established that these sums were gratuitously paid. In the instant case they were paid under an insurance policy provided for employees as part of their wage package contract, premiums paid by the employer.

Such evidence having been improperly received, both the Pennsylvania Courts and the Federal Courts recognize the power of the court to amend or mold the verdict rather than grant a new trial. Kite v. Jones, cit. supra, Smyth Sales, Inc. v. Petroleum Heat & Power, Inc., 141 F.2d 41 [3d Cir., 1944].

We will, therefore, reduce the judgment by the amounts shown by the record as previously paid plaintiff, $1,-097.06 on account of Workmen's Compensation, and $1,302.44 on account of employer supplied accident and health benefits, for a total of $2,399.50.