Florindo J. **MAZZOLENI**

v.

**SHENANGO STEEL ERECTORS, INC.**

v.

**DEAN ALEXANDER, INC.**

Civ. A. No. 71–751.

United States District Court,
W. D. Pennsylvania.

June 22, 1972.

Clyde T. MacVay, F. Chalmers Houston, Jr., Pittsburgh, Pa., William C. H. Ramage, Youngstown, Ohio, for plaintiff.

W. Glenn Osborne, Youngstown, Ohio, Carl Eck, Pittsburgh, Pa., for defendant.

Martin Cusick, Sharon, for third-party defendant.

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KNOX, District Judge.

The plaintiff in this action seeks damages for personal injuries allegedly sustained on September 18, 1969, while employed as a terrazzo grinder in the construction of a building in Mercer County, Pennsylvania. The plaintiff claims that he was struck by a falling I-beam which had been placed in position by the defendant Shenango Steel Erectors, Inc.

At the time of the accident, plaintiff was an employee of Youngstown Tile and Terrazzo Company and has received Workmen's Compensation benefits from his employer's insurance carrier. The third-party plaintiff, Shenango Steel Erectors, Inc., a subcontractor at the construction site, has joined Dean Alexander, Inc., the general contractor, as a third-party defendant. The third-party defendant has moved for summary judgment asserting that under the Pennsylvania Workmen's Compensation Act it is the statutory employer of the plaintiff and therefore immune from common law liability.

The only issue presently before this court for decision is a narrow one: whether a third-party defendant who is a statutory employer should remain on the record for the purpose of determining the respective liability of the original defendant and the third-party defendant and the rights of contribution between them.

The Pennsylvania Workmen's Compensation Act, 77 P.S. Section 52 provides as follows:

> "An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

The language of the Act indicates that a statutory employer is in the same position as an employer within the terms of the Act. Therefore, while the statutory employer is not directly liable to the plaintiff-employee, there is no reason to afford to the statutory employer the additional advantage of being absent from litigation which may have been caused by its negligence.

That an injured employee may not maintain an action at law against his employer where the Workmen's Compensation Act has been accepted is a well-recognized principle of Pennsylvania law. Nevertheless, it has been equally clear since Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940) that the employer may be joined as an additional defendant or third-party defendant for the purpose of determining the rights as between the original defendant and the employer. In the Maio case, plaintiff's decedent was killed in a motor vehicle accident while a passenger in a truck owned by his employer and operated by a co-employee. Plaintiff sued the owner and operator of the other vehicle. The court permitted the original defendant to join the plaintiff's employer as an additional defendant for purposes of contribution even though the court specifically held that the plaintiff, having accepted the bene-

fits of the Workmen's Compensation Act, could not recover from the employer. The Court of Appeals for the Third Circuit has likewise recognized this feature of Pennsylvania Law in O'Neill v. United States, 450 F.2d 1012 (3d cir. 1971).

In Gallagher v. General Machine Co., 9 F.R.D. 324 (E.D.Pa.1949) (Ganey, J., later Circuit Judge) an action by an employee of a subcontractor that carried Workmen's Compensation Insurance against owner of premises and a power company for injuries sustained in an electric accident where the third-party complaint by the electric company against the general contractor alleged that the general contractor failed to warn subcontractor or his alleged employee of the potential danger of the wire near the premises and that the general contractor failed to notify the electric company that work would be constructed in close proximity to the wire, it was held that a cause of action was stated.

> "Under the law of Pennsylvania and within the scope of the Federal Rules of Civil Procedure, the third-party complaint states a cause of action upon which relief can be granted. Even though to the extent that it has met its obligation in full toward the plaintiff under the Pennsylvania Compensation Act the third-party defendant has a good defense, it does not follow that the third-party action at its present stage should be dismissed. Maio v. Fahs et al, 1940, 339 Pa. 180, 187–192, 14 A.2d 105; Giordano v. Clement Martin Inc., et al., 1944, 347 Pa. 61, 65, 31 A.2d 504."

The cases relied upon by the third-party defendant involved claims by injured employees of subcontractors against general contractors who were found to be statutory employers. While this court regards the holding of these cases, i.e., that the employee may not recover directly from the statutory employer quite correct, that is not the issue to be decided in this case.

Here the question is whether the statutory employer should remain on the record to determine rights of contribution if any between him and the steel erector. It has always been held that an ordinary employer must remain on the record for this purpose and we see no reason to treat a statutory employer differently. See Davis v. Gerstenslager Co., 302 F.Supp. 742 (WD Pa. 1969); Mays v. Liberty Mutual Ins. Co., 211 F. Supp. 541 (ED Pa. 1962); Jamison v. Jones Motor Freight, Inc., 257 F.Supp. 337 (W.D.Pa.1966).

The cases relied on by defendant are all cases wherein the employer of the subcontractor sought to sue the general contractor, the statutory employer, directly. See Moore v. Phila. Electric Co., 189 F.Supp. 808 (ED Pa. 1960); Roney v. Paul Tishman Co., 303 F.2d 777 (3d cir. 1962). Obviously, this cannot be done under Pennsylvania law, but that is not the situation here. Plaintiff has not sued the statutory employer directly nor sought to join him. Third-party defendant is apparently confusing state practice where an additional defendant may be held directly or alone liable to the plaintiff with federal practice. Nor can the third-party defendant be held liable over for indemnity to the original defendant under O'Neill v. United States, supra. But, as pointed out original defendant can claim contribution from the third-party defendant, the statutory employer, to the extent permitted by Pennsylvania law under Maio v. Fahs, supra.

For the reasons stated above, the third-party defendant's Motion for Summary Judgment as to the joinder for the purpose of preserving original defendant's right to contribution is denied. However, as to the claim that third-party defendant is liable solely or jointly to plaintiff, or liable over to original defendant for indemnity, summary judgment will be granted pursuant to Rule 56.