Salvatore **NUZZO**

v.

**COMMERCIAL CONCRETE COMPA-
NY, Defendant,**
and
**William C. Ehret, Inc.**
and
**John Doe, Third-Party Defendants.**

Civ. A. No. 71–1048.

United States District Court,
E. D. Pennsylvania.

Dec. 6, 1973.

Herman Bloom, Philadelphia, Pa., for plaintiff.

George J. Lavin, Jr., Philadelphia, Pa., for Commercial Concrete.

Robert R. Reeder, Philadelphia, Pa., for William C. Ehret, Inc.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Plaintiff, Salvatore Nuzzo (Nuzzo), seeks damages for personal injuries allegedly sustained on or about April 20, 1971, while performing his duties as a roofer on a construction site in College-

ville, Pennsylvania. He claims that the burns and contusions, *inter alia,* which he suffered resulted directly from the negligent operation of a motor vehicle by an employee of Commercial Concrete Company (Commercial), original defendant in this matter, which, in turn, joined William C. Ehret, Inc. (Ehret), the general contractor, and John Doe, purportedly an employee of Ehret, as third-party defendants.

At the time of the occurrence Nuzzo was an employee of Warren-Ehret-Linck, Co., a subcontractor of Ehret. It is conceded for purposes of this motion that Nuzzo's immediate employer, Warren-Ehret-Linck Co., did provide workmen's compensation benefits under the law of Pennsylvania[1] and that Ehret's status as general contractor was that of a statutory employer under Section 302 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 52.

Jurisdiction is based upon diversity of citizenship between plaintiff and original defendant. Damages claimed are in excess of $10,000.00 exclusive of interest and costs. It is undisputed that the substantive law of Pennsylvania applies. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Presently before us is Ehret's motion for summary judgment seeking dismissal of this action against it as a third-party defendant. Third-party plaintiff, Commercial, seeks to retain Ehret on the record in order to obtain the benefit of contribution should there be a finding of negligence against both Commercial and Ehret. Ehret argues that under the facts of this case no right of contribution can arise and, further, that there is no need to retain it as a record defendant.

It is, of course, uncontested that under the statutory law of Pennsylvania an employee of a subcontractor cannot maintain an action for an injury which is within the coverage of the Workmen's Compensation Act against his statutory employer. 77 P.S. § 481; Giordano v. Clement Martin, Inc., 347 Pa. 61, 31 A.2d 504 (1943); Swartz v. Conradis, 298 Pa. 343, 148 A. 529 (1929); Moore v. Philadelphia Electric Co., 189 F.Supp. 808 (E.D.Pa.1960). It is equally clear when an employee brings an action against a third-party tortfeasor that the original defendant may join the statutory employer as a third-party defendant in an attempt to establish the sole or joint negligence of the latter party. Maio v. Fahs, 339 Pa. 180, 14 A.2d 105 (1940).

A finding of joint negligence allows the original defendant to reduce his share of the judgment by the amount of the employee benefits payable by the statutory employer under the Workmen's Compensation Act. It is undisputed that no additional right of contribution exists vis-a-vis a jointly negligent statutory employer, because that party's liability is limited solely to the compensation and other charges mandated by the statute. Brown v. Dickey, 397 Pa. 454,

---

1. Ehret attached to its motion for summary judgment as Exhibit "B" a copy of its contract with Warren-Ehret-Linck Co. Provision 5 thereof reads as follows:

"Subcontractor represents that he is insured in a reliable Insurance Company complying with the laws of the state where project is located in a sum sufficient to cover all loss or damage to any and all of his employees, or other persons doing work or furnishing labor or materials in and about the erection and construction of this building, and agrees to indemnify and save harmless Wm. C. Ehret Inc. of and from all claims, demands, costs, suits and charges whatsoever for any and every laborer, employee or other person hired or employed by him or his employees in and about his building."

For purposes of this motion Commercial accepts Ehret's status as statutory employer pursuant to the description of 77 P.S. § 52. Commercial does not deny Ehret's allegation that "Plaintiff Salvatore Nuzzo at the time of the accident was an employee of Warren-Ehret-Linck which was responsible for and did pay workmen's compensation under the law of Pennsylvania." In addition, Commercial concedes the receipt by Nuzzo of compensation benefits in its argument in support of its thesis that it is not liable. [p. 2, memorandum opposing summary judgment]

155 A.2d 836 (1959); Maio v. Fahs, *supra*; O'Neill y. United States, 450 F.2d 1012 (3rd Cir. 1971). Thus, Pennsylvania, without dislocating its statutory compensation scheme of limited liability, is able to "pursue its policy of requiring joint tortfeasors to share the burden of their fault. . . . " Elston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318, 320 (1966); 12 P.S. § 2082 et seq.

While admitting the validity of these general principles, Ehret claims the facts of the instant case dictate a dismissal of the third-party action against it. This contention is founded upon Ehret's contractual relationship with plaintiff's immediate employer under which the responsibility for carrying workmen's compensation insurance was shifted by Ehret to its subcontractor. Ehret argues this state of facts insulates it *in toto* from liability and further submits that in the absence of liability there is no requirement for contribution by it.

■ Ehret's position, although superficially plausible, is not correct because the substantive law of the Commonwealth of Pennsylvania does not permit the statutory employer to exculpate itself from liability unconditionally. The statutory employer remains contingently liable even when it has transferred responsibility for the compensation payments in the first instance to the immediate employer. "Although the burden is prima facie shifted to the subcontractor, the statutory employer must respond if for any reason the subcontractor or his insurer is irresponsibile." Swartz v. Conradis, 298 Pa. 343, 347, 148 A. 529, 531 (1929); *cf.* Byrne v. Henry A. Hitner's Sons Co., 290 Pa. 225, 138 A. 826 (1927).

■ In such event, the statutory employer would become directly liable for the payment of workmen's compensation. Should that circumstance eventuate in the case before us, Commercial Concrete would be entitled to contribution in the nature of an offset for the amount of compensation paid or payable by Ehret.

See Stark v. Posh Construction Co., 192 Pa.Super. 409, 162 A.2d 9 (1960) (alloc. den.); Brown v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959); Maio v. Fahs, *supra*. Ehret, therefore, must be retained as a party defendant in order to preserve these rights. See Mazzoleni v. Shenango Steel Erectors, Inc., 344 F. Supp. 598 (W.D.Pa.1972).

Ehret's reliance upon two Pennsylvania cases in which original defendants were not permitted to hold in statutory employers as additional defendants is misplaced. In both Giordano v. Clement Martin, Inc., *supra* and Moore v. Philadelphia Electric Co., *supra,* employees of subcontractors attempted to sue the statutory employers directly, actions precluded by the Pennsylvania Workmen's Compensation Act, 77 P.S. § 481. In the instant case, the statutory employer was not sued by his employee, but by another subcontractor, a third-party action not prohibited by the statute or the decisions of the Pennsylvania Courts.

Accordingly, Ehret's motion to dismiss is denied.