## Robison v. Cooper-Jarrett, Inc.

*Ernest B. Orsatti,* for plaintiffs.
*Arthur J. Schwab*, for defendant.

BARRY, *J.*, March·24, 1980—The present matter is before the court on preliminary objections of defendant, Cooper-Jarrett, Inc., to plaintiffs' class action in equity to recover, for members of the class,

various benefits pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101 et seq. Plaintiff at the time of the filing of the suit was employed by defendant in the capacity of a truck driver. Plaintiff has brought the suit as a representative member of all present and future employes of defendant, Cooper-Jarrett, Inc., who have been injured in motor vehicle accidents in the course of their employment with defendant since July 19, 1975 and who have sustained losses of income as a result of said injuries. Plaintiff class is limited to the above described individuals who are domiciled in Pennsylvania at the time of a motor vehicle accident or to the above described individuals who are not Pennsylvania domicilaries at the time of a motor vehicle accident where said accident occurred in Pennsylvania.

On or about November 11, 1976 plaintiff was operating a truck owned by defendant in the course of plaintiff's employment at defendant's Sharon terminal, West Middlesex, Pa. While alighting from the truck on defendant's premises plaintiff slipped and fell to the ground allegedly sustaining injuries to his head, neck and back. As a result of the accident plaintiff was unable to perform his regular duties as a truck driver and was unable to perform work in any other trade or occupation from November 13, 1976 until January 3, 1977.

Accordingly, plaintiff applied for and received workmen's compensation benefits pursuant to The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1 et seq. This workmen's compensation was paid for by defendant in conformity with a self-insured workmen's compensation program administered by defendant. Plaintiff has requested that defendant pay

additional financial benefits relating to work loss as provided for under the Pennsylvania No-fault Motor Vehicle Insurance Act. Plaintiff further alleges that defendant has operated, maintained and administered a self-insured no-fault program and has refused to pay plaintiff, and all others similarly situated, benefits that were lawfully due to them.

Defendant has filed preliminary objections in the nature of the following:

1. Petition raising question of jurisdiction;
2. Demurrer; and
3. Motion to strike class action allegations.

Traditionally, the courts of this Commonwealth have held that The Workmen's Compensation Act is the exclusive remedy of an injured employe in any action against his or her employer. See Hamler v. Waldron, 445 Pa. 262, 284 A. 2d 725, fn. 3 (1971); Streets v. Sovereign Construction Co., 413 Pa. 458, 198 A. 2d 590 (1964); Swartz v. Conradis, 298 Pa. 343, 148 Atl. 529 (1929). At this point it becomes necessary to examine various relevant provisions of both The Workmen's Compensation Act and the Pennsylvania No-fault Act. The stated purpose of the No-fault Act is set forth in 40 P.S. § 1009.102(b): "(b) Purposes—Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable costs to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims." Section 201 of that act additionally provides for the following: "(a) Accident within the state—If the accident resulting in injury occurs in this Commonwealth, any victim or survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this act." In sec-

tion 103 of the No-fault Act, "victim" is defined as "an individual who suffers injury arising out of the maintenance or use of a motor vehicle."

Section 208 of the act lists ineligible claimants and section 206 provides for a set-off of workmen's compensation benefits from wage claims made under the No-fault Act. Plaintiff, therefore, contends that the No-fault Act specifically provides that all motor vehicle accident victims as defined in the act are entitled to receive basic loss benefits except for those claimants who fall in any one of the disqualifying categories of section 208. Section 206(a) prevents plaintiff from receiving a double recovery by setting off Workmen's Compensation benefits against no-fault benefits.

Subsequent to the enactment of the Pennsylvania No-fault Act, section 303 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §481, was amended by legislation in December of 1974 (Act of December 5, 1974, P.L. 782). Such amendment, which was enacted approximately five months after the enactment of the No-fault Act in July of 1974, provides as follows:

"(a) The liability of an employer under this act shall be *exclusive* and in the place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

"(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise enti-

tled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, [contribution] or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action." (Emphasis supplied.)

It may be possible to construe the No-fault Act consistently with section 303(a), as amended, of the Workmen's Compensation Act. Specifically, section 206(a) of the No-fault Act can be analyzed in terms of applying only to those circumstances whereby the obligation to pay no-fault benefits rests with a source other than the injured employe's employer. Additionally, section 204(a)(1) of the No-fault Act may be interpreted as applying only to those situations whereby the private use of an employer's vehicle is involved. The failure to include in such amendment any reference to the No-fault Act in the terms of an exception leads this court to believe that, had the legislature intended to broaden an employe's remedy against his or her employer in the event of injury sustained while in the course of his or her employment, the legislature would have included a no-fault exception. As noted above, the exclusivity of the workmen's compensation benefits is well settled in the courts of this Commonwealth. Repealing by implication such a well-settled proposition can be found only where the result is absolutely compelled by a clear legislative intent. Such is not the case here.

Most recently, in a case in the Court of Common Pleas of Philadelphia County which was decided by the Superior Court on July 12, 1978, the court in Turner v. Southeastern Transportation, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), was confronted with a similar issue. Precisely, Judge Doty of the Court of Common Pleas of Philadelphia County addressed himself to whether there was any provision in the No-fault Act which would provide an exception to the exclusivity provision of the Workmen's Compensation Act. No such provision was found. In an opinion by Judge Jacobs, the Superior Court found no section of the No-fault Act which either expressly or impliedly indicated a legislative intent to remove the exclusivity of the Workmen's Compensation Act. Addressing itself to section 206 of the No-fault Act, whereby a setoff is provided for workmen's compensation payments from the no-fault payments, the Superior Court stated that such section does not apply to a situation when the employe is driving the employer's vehicle in the course of his employment. In other words, the purpose of section 206 is to cover the situation where an employe uses his own car or that of another not belonging to the employer. Section 204 covers the situation when the motor vehicle is involved in an accident while it is being used for the employe's personal use, not within the scope of his employment.

In Stebler v. Port Authority of Allegheny County, no. GD 77-2416, Judge Finkelhor of this court was presented with the question as to whether or not plaintiff was entitled to no-fault benefits as the result of an accident which occurred during the course of his employment. In such case, plaintiff applied for and received workmen's compensation benefits as provided by the Workmen's Compensa-

tion Act. Relying on the exclusivity of workmen's compensation benefits as being well entranched in Pennsylvania law, in addition to the fact that the legislature did not specifically accept the No-fault Act in the 1974 amendment to Workmen's Compensation Act, the court sustained defendant's preliminary objections to plaintiff's class action in equity to recover for all members of the class basic benefit payments under the Pennsylvania No-fault Motor Vehicle Insurance Act. Similarly, in a memorandum opinion at no. 77-1457, Judge Barron P. McCune in Richardson v. McLean Trucking Company, granted a motion for judgment on the pleadings in a case involving the same fact situation as present. The court's reasoning in such case was similar to the reasoning in Stebler, supra. Since section 303 of the Workmen's Compensation Act was amended subsequent to the enactment of the No-fault Act the exclusivity of the Workmen's Compensation remedy was upheld.

Based upon the above reasoning, it is not necessary for the court to address itself to the remaining preliminary objections raised by defendants. This court lacks subject matter jurisdiction over the within cause and, therefore, an order sustaining defendant's preliminary objections raising a question of jurisdiction has been entered.

## PART II

Part I of this opinion was prepared some time ago but was not filed because it would have entailed a final order and a necessary appeal. All parties involved had hoped that either the Superior or Supreme Court would have definitively answered the questions raised by defendant's preliminary ob-

jections. In the Turner case, supra, the Supreme Court, on November 24, 1978, denied plaintiff's petition for allowance of appeal. The case of Stebler v. Port Authority of Allegheny County, was, unfortunately, non prossed in the Superior Court. In the meantime, the case of Brunelli v. Farelly Bros., 266 Pa. Superior Ct. 23, 402 A. 2d 1058 (1979), was decided by the Superior Court. No petition for allowance of appeal was filed in that case. In Brunelli, supra, a workmen's compensation insurer sought recovery as a subrogee against a no-fault carrier covering an injured employe who was operating a motor vehicle furnished by his employer. Neither the Superior Court opinion nor the opinion of Judge Jerome of the Delaware County Court of Common Pleas reported at 64 Del. Co. 237 (1977), indicates if the no-fault carrier was the employer's or the employe's. Under the facts in Brunelli it made no difference. Brunelli did not decide the issues in this case. Since Brunelli, two cases have been decided by judges of this court interpreting it. Judge R. Stanton Wettick, in the case of Maxwell v. Allstate Insurance Co., 128 Pitts.L.J.II (1980), construes Turner and Brunelli as precluding a claim by an employe against the employer's no-fault carrier. The opposite conclusion was reached in the case of Robert J. Augustine v. Pennsylvania National Mutual Casualty Insurance Company, in an opinion by Silvestri, J., concurred in by Wekselman, J. In neither Maxwell nor Augustine was the employer self-insured under the no-fault statute. In the Stebler case, the Port Authority was self-insured and an appellate resolution of that case would have governed the instant case.

It seems clear to this member of the court that, since defendant was self-insured, there would be

economic loss directly to the employer and, I believe, to hold liability under the no-fault statute in this instance would be a result repugnant to the Workmen's Compensation Act. I find it hard to reconcile the provisions of the Workmen's Compensation Act with Augostine. Judge Silvestri did not base his reasoning on an artificial distinction between an insurance carrier and a self-insured employer but held bluntly that the exclusivity provision of the Workmen's Compensation Act was inapplicable in either event. I prefer the result in Maxwell where recovery was allowed against an employe's carrier, but Judge Wettick indicated there would be an opposite result if the carrier was the employe's. This is not an artificial distinction, in my judgment, based on the still mandated exclusivity provisions of the Workmen's Compensation Act.

## ORDER

And now, March 24, 1980, it is hereby ordered, adjudged and decreed that the preliminary objection of defendant, Cooper-Jarrett, Inc., in the nature of a petition raising a question of jurisdiction is sustained. The complaint is hereby dismissed and judgment is entered for defendant.